UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERION COLLINS,<br><br>         Plaintiff,<br><br>    v.<br><br>HEATHER SHIRLEY, et al.,<br><br>         Defendants. | Case No.: 1:23-cv-00483 CDB (PC)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR AN EXTENSION OF THE DEADLINE FOR THE FILING OF DISPOSITIVE MOTIONS**<br><br>(Doc. 41) |

Plaintiff Terion Collins is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Heather Shirley, J. Cronjager, and Scott Degough.

**I.     INTRODUCTION**

The Court issued its Discovery and Scheduling Order on January 11, 2024. (Doc. 35.) Relevant here, the deadline for filing dispositive motions was set for November 21, 2024. (*Id.*)

On November 14, 2024, Defendants filed an Ex Parte Application for an Extension of Deadline to File a Dispositive Motion. (Doc. 41.)

The Court finds a response by Plaintiff to be unnecessary.

//

//

## II.   DISCUSSION

District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), (b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Defendants seek an extension of 60 days concerning the deadline for filing a dispositive motion in this action. (Doc. 41.) The request is supported by the Declaration of Mohammad Iranmanesh. (Doc. 41-1.) Defense counsel declares Defendants retained Dr. Timur Durrani on October 8, 2024. (*Id*., ¶ 3.) Dr. Durrani is an expert on toxicology and will address Plaintiff's allegation that Defendants ignored contaminated water at Wasco State Prison and caused him injury. (*Id*., ¶ 4.) Dr. Durrani has also been retained in two other related matters. (*Id*.) On October 8, 2024, Defendants provided Plaintiff's medical records, the transcript from Plaintiff's deposition, and "water records from January 2021-August 2024" to Dr. Durrani. (*Id*., ¶ 5.) During a phone call with Dr. Durrani on November 8, 2024, the doctor requested additional medical records for the period before and after Plaintiff's alleged exposure to contaminated water, explaining those records were "necessary to confirm that Plaintiff did not suffer any injuries because of contaminated water." (*Id*., ¶ 6.) Defense counsel requested those medical records on November 12, 2024, but has not yet received them. (*Id*., ¶ 7.) Upon receipt, Dr. Durrani will need additional time to review the records and to include them in his report. (*Id*.) Defendants contend they would be significantly prejudiced if not permitted to present expert testimony in support of a summary judgment motion. (*Id*., ¶ 8.) Defendants state no other dates will be affected by their extension request, that the instant request is their first request for an extension and was "diligently

sought after learning of the issue." (*Id.*) Defense counsel states he was unable to discuss this request with Plaintiff as a result of Plaintiff's incarceration. (*Id.*, ¶ 9.)

Here, Defendants have established good cause for a 60-day extension of the deadline for the filing of a motion for summary judgment based upon the merits. The deadline will be extended as requested.

### III.     CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendant's ex parte application for an extension of the dispositive motion filing deadline (Doc. 41) is **GRANTED**; and

2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for filing a motion for summary judgment from November 21, 2024, to **January 20, 2025**.

IT IS SO ORDERED.

Dated:   **November 15, 2024**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE

3